MINA LAMLINE, Respondent, *against* THE HOUSTON, WEST STREET & PAVONIA FERRY RAILROAD Co., Appellant.

(Decided February 7th, 1887.)

In an action for personal injuries from a fall alleged to have been caused by the sudden starting of defendant's horse car, in charge of a driver

Lamline *v.* Houston &c. R. Co.

only, while plaintiff was in the act of boarding it, the driver testified that he did not see plaintiff at the time and place at which she stated that she attempted to board the car. Defendant requested the court to charge that if the driver exercised the watchfulness which any discreet and careful man would have exercised to see or hear persons desirous of becoming passengers, and if then he did not see or hear the hail of plaintiff, and did not see plaintiff immediately before or at the time of her attempt to board the car, or while on the step, then defendant was entitled to a verdict. *Held*, that a refusal to give such instruction was error, for which a judgment for plaintiff should be reversed.

Defendant also requested the court to instruct the jury that the absence of a conductor on a one-horse car was not negligence. The court declined so to charge, but stated that the jury were to say, from all the facts in the case, whether a conductor was necessary upon such a car. *Held*, error.

APPEAL from a judgment of this court entered on the verdict of a jury.

The action was brought to recover damages for injuries alleged to have been sustained by the plaintiff through the negligence of the defendant.

According to the testimony on the part of the plaintiff, she and her daughter, on the 24th day of October, 1884, were waiting at the northwest corner of Third Street and Avenue B. for a Houston Street car. They hailed a car, and the driver looked at them and stopped the car. When the plaintiff was in the act of boarding it, and had her right hand on the railing of the platform, and one foot upon the step of the platform, the car was suddenly started, and she was thrown down and dragged upon the street and was injured. The plaintiff testified that the number of the car was 13.

The driver of the defendant's car No. 13, on the 24th day of October, 1884, was called as a witness, and testified that he did not stop the car for the plaintiff, that he never saw her at the time and place at which she claimed to have hailed him, and that he knew of no accident having occurred at that place on that day.

The car was a one-horse car, commonly called a "bobtail car," and had no conductor.

At the conclusion of the charge, the counsel for the defendant requested the judge to charge that if the driver exercised the watchfulness which any discreet and careful man would have exercised under the circumstances, to see or hear persons desirous of becoming passengers, and if then he did not see or hear the hail of the plaintiff, and did not see the plaintiff immediately before or at the time of her attempt to board the car or while she was on the step, then the defendant was entitled to a verdict. The judge declined to charge as requested, except as he had charged. The judge had charged generally on the question of the defendant's negligence and stated the established rule in regard to it.

The jury rendered a verdict for plaintiff for $4,000. A motion by defendant for a new trial was denied, and judgment for plaintiff entered on the verdict. From the judgment and the order denying the motion for a new trial, defendant appealed.

*John E. Devlin,* for appellant.

*Adolph L. Sanger,* for respondent.

ALLEN, J. — [After stating the facts as above.] — The negligence charged against the defendant in this case was that the driver, having seen the hail of the plaintiff and stopped his car for the purpose of allowing her to get on, suddenly started it while she was in the act of boarding the car. If it is true that the driver did see the plaintiff and stop the car for her and started while she was attempting to get on, the defendant would be chargeable with negligence. It is equally true that if the driver was exercising the care required of him by the law, and did not see the plaintiff, and had no knowledge that she was in the act of boarding the car, the defendant could not be held liable. The driver, in looking out for persons desiring to become passengers, was bound to exercise that ordinary care which a person ought to observe under the particular circum-

stances in which he was placed. Ordinary care is that decree of care which a person of ordinary prudence is presumed to use under particular circumstances, to avoid injury to others, and is in proportion to the danger to be avoided. It has relation to the business in which the party is engaged. If the driver of this car was exercising this care and did not see the plaintiff, his duty in this regard was performed. Therefore the request to charge presented a sound proposition of law directed to the circumstances of the case as disclosed by the evidence. As the instruction asked for was correct in principle, and presented a question of law bearing upon the evidence, the defendant was entitled to have it given to the jury. We think the defendant's exception to the refusal to charge this request was well taken.

The defendant also requested the judge to charge that the absence of a conductor on a one-horse car is not negligence. The judge declined so to charge, and stated that the jury were to say, from all the facts in the case, whether a conductor was necessary or not. It had been shown on the part of the plaintiff that the car in question was a one-horse car, and had no conductor. We think it was error to refuse to charge this request. There is no statute requiring a conductor upon a one-horse car. In *Brooklyn City R. Co.* v. *Brooklyn* (37 Hun 413), the court say, "Whether a railroad shall have large or small cars, with or without a conductor, and how often the car shall run, and when, are subjects left with the companies under their charters, and subject to legislative control." It could not, therefore, be properly left to a jury to decide whether a conductor was necessary or not. The question to be left to the jury, on the issue of the defendant's negligence, was whether, under the actual circumstances of the case, the defendant exercised the care and prudence required of it in what it did, and whether its negligence caused the injury (*Greppen* v. *N. Y. Cent. R. Co.*, 40 N. Y. 41).

These errors lead to a reversal of the judgment and order. A new trial is ordered. Costs to abide the event.

J. F. DALY and BOOKSTAVER, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to abide the event.